Swing, J.
In our judgment the city should be enjoined from collecting from the plaintiffs all assessments in excess of the amount of $8.96 per front foot, which was the estimated cost of the improvement, provided that the amount, as finally assessed, is not in excess of 25 per cent, of the value of any piece of property as assessed for taxation.
Council had authority to levy an assessment to any amount not exceeding 25 per cent, of the value of property so assessed for taxation, and no more, under the facts as they exist in this case. There was no pretense that there was the necessary number of petitioners, which would authorize an amount greater than 25 per cent, to be assessed. And as to this assessment, so far as it is in excess of 25 per cent, of the value of the property as it appears for taxation, it can not be collected except where parties by their acts should be estopped. And we think these parties who signed this petition and had. notice of what council proposed should be assessed against the property, Should be estopped. They are not estopped by reason of the fact that they signed the petition; they had the right to assume that council would act according to law, and that would be, that the. assessment was not to be in excess of 25 per cent, of the value of the' property as assessed for taxation. And the resolution of council was that it should be in accordance with the laws regulating assessments, that is, not in excess of the 25 per cent. But it further appeared in evidence that these property owners were notified previous to the time when the city had obligated itself by contract to build this improvement, that the assessment was to be by the front foot on the abutting property, and was to be nearly $9.00 per front foot. They had the right then to enjoin any further proceedings. Council had exceeded its powers, and no court would have denied -them a *283 remedy. But they, without objection, permitted council to go on and contract to make the improvement. Fully knowing that council expected to assess them that amount, it is too late now for them to ask for an injunction.
F. C. Ampt, for Storer.

Horstman & Haddens, contra.

But as to the amount in excess of this $8.96 per front foot, the same reasons do not apply. In the first place, it has not yet appeared that these property owners had notice of the •extra assessment up to $13.88 per front foot. But even if they had, we don’t see why these reasons should apply. When the contract was executed with McErlane, which was August 30, 1886, and when the right of the city and the contractor was fixed, and after which the taxpayer would have had no right to enjoin the further proceedings of the work as we believe, these tax-payers had a right to assume that the amount to be levied against the property was $8.96 per front foot. This was the estimated cost of the improvement, and was the amount which they were notified would be the amount, and they had the right to assume that it would not be more.
After the contract was approved, then the extra amount which was to cover the damages, was assessed, to-wit: September 16, 1886. And as said before, we see no principle of estoppel, which would apply to the amount over the $8.96 per front foot.
We think the answer in this ease should be amended, and these facts, which we have mentioned as constituting an estoppel, should be pleaded in accordance with the rule as laid down in the case of Tone v. Columbus, 39 O. S. 281.
When this is done, a decree should be entered in accordance with this decision. The case of Ryan v. The City being the same in principle, the same entry should be made as in this.